UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ETAN INDUSTRIES, INC. § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | Civil Action No. 3:07-CV-1580-BF (L) |
| THE TRAVELERS LLOYDS INSURANCE § | |
| COMPANY § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This is a consent case before the United States Magistrate Judge. Etan Industries, Inc. ("Plaintiff" or "Etan") filed this suit in the 14th Judicial District Court of Dallas County, Texas against defendant The Travelers Lloyds Insurance Company ("Defendant" or "Travelers Lloyds") seeking damages for breach of contract arising out of insurance policies issued by Travelers Lloyds. Plaintiff also seeks damages for violation of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"). Additionally, Plaintiff seeks a declaratory judgment.

Travelers Lloyds removed this case to federal district court on the basis of diversity of citizenship and filed an Amended Notice of Removal. (Notice of Removal & First Am. Notice of Removal.) Plaintiff's Motion to Remand, filed on October 15, 2007, and Plaintiff's Motion to Remand to State Court in Response to Travelers' First Amended Notice of Removal, filed on January 10, 2008, ("Plaintiff's Motions") are before the Court for consideration. The Court has considered the entire record.

## Subject Matter Jurisdiction

In an action that has been removed from state court, the removing party bears the burden of establishing federal jurisdiction. *De Aguilar v. Boeing Co.* ("*De Aguilar II*"), 47 F.3d 1404, 1408 (5th Cir. 1995). Federal law permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

## Diversity of Citizenship

Plaintiff contends that the parties lack complete diversity of citizenship because Travelers Lloyds is a Texas Corporation with its principal place of business in Texas, and thus a Texas Citizen. Plaintiff urges that Travelers Lloyds is judicially estopped to claim that it is not a Texas Citizen. Plaintiff bases this assertion on Travelers Lloyds representations in a choice of law dispute in state court. *See Reddy Ice Corp. v. Travelers Lloyds Ins. Co.*, 145 S.W. 3d 337, 346 (Tex. App.–Houston [14th Dist.] 2004). In *Reddy Ice*, the state court resolved the dispute in favor of Travelers Lloyds, found *inter alia* that Travelers Lloyds is a Texas Corporation with its principal place of business in Texas, and applied Texas law. (*Id.*) Travelers Lloyds explains that its attorney in state court mistakenly claimed that Travelers Lloyds is a Texas corporation when he was arguing the choice of law dispute. Travelers Lloyds claims that it is an unincorporated insurance association whose members are all citizens of Connecticut and that it is licensed to sell insurance under a Lloyds Plan under Texas law. (Doc. 20 at App., Tab A, at ¶3, p.1; Tab C, pp. 52-54.) Jurisdiction was not an issue in *Reddy Ice*, and the state court did not appear to be cognizant of the jurisdictional

problems that exist with Lloyds Plans.[1] This Court is not bound by the state court's decision, nor is it estopped from exercising its duty to determine subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, *Miss*., 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court must have statutory or constitutional powers to adjudicate a claim. *Id*. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). At any level of the proceedings, a federal court must exercise its duty to determine whether it has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co*., 526 U.S. 574, 583 (1999) ("[S]ubject matter delineations must be policed by the court on its own initiative even at the highest level"). A district court cannot exercise diversity jurisdiction if a party on one side of the dispute is a citizen of the same state as a party on the dispute's other side. *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).

## **Analysis**

Plaintiff is insured at Travelers Lloyds under eight general commercial liability policies. The first question the Court must settle is whether Travelers Lloyds is a Texas Corporation with its principal place of business in Texas and thus a Texas Citizen,[2] as Plaintiff claims, or whether it is a Lloyds entity consisting of an unincorporated association whose members are citizens of Connecticut, as Travelers Lloyds contends. Alternatively, Plaintiff claims that because of certain

---

[1] When "an insured receives a Lloyd's 'policy' of insurance, what he has in fact received are numerous contractual commitments from each [underwriter] who has agreed to subscribe to the risk. The [underwriters] are jointly and severally obligated to the insured for the percentage of the risk each has agreed to assume." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 859 (5th Cir. 2003).

[2] The terms of 28 U.S.C. § 1332(c)(1) provide that "a *corporation* shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." [Emphasis supplied].

3

language in the insurance policies, Travelers Lloyds must show not only that each of the fifteen underwriters has diverse citizenship but also that the entity Travelers Lloyds itself has citizenship diverse from that of Plaintiff. Travelers Lloyds responds that the Court must consider only the citizenship of the underwriters.

Under Texas law: "'[i]nsurer' means the issuer of an insurance policy that is issued to another in consideration of a premium and that insures against a loss that may be insured against under the law. The term includes a: . . . Lloyd's plan." TEX. INS. CODE § 801.001(2)(B). Under Texas law, a "'Lloyd's plan' means an entity engaged in the business of writing insurance on the Lloyd's plan." TEX. INS. CODE § 941.001(3). An "'attorney in fact' means an attorney in fact authorized under a power of attorney to act for the underwriters of a Lloyd's plan. *Id*. at § 941.001(2). An attorney in fact may neither write insurance in Texas nor for Texas residents nor write insurance covering property located in the state unless the attorney in fact holds a certificate of authority. *Id*. at § 941.101. An attorney in fact must be a Texas resident and maintain the attorney in fact's office in this state. *Id*. Although Travelers Lloyds must act through its attorney in fact who is required by law to be a Texas resident and to maintain an office in Texas, it does not follow that Travelers Lloyds becomes a Texas Corporation with its principal place of business in Texas and thus a Texas Citizen by following these statutory requirements. The record is devoid of any indicia that Travelers Lloyds is a corporation. There is no evidence that has incorporators, articles of incorporation, by-laws, directors, shares of stock, stockholders, or corporate officers.

"Settled Texas law provides that 'a group of underwriters may form an association and sell insurance policies through an attorney in fact or other representative.'" *Alcorn v. Lloyds*, No CA3:98-CV-0772-BC, 1998 WL 760274, at *1 (N.D. Tex. Oct. 23, 1998) (quoting *Rappaport v. State Farm Lloyds*, No. CA3: 97-CV-2747-P, 1998 WL 249211, at *1 (N.D. Tex. May 8, 1998)

4

(citing *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993). "Such an association of underwriters is commonly known as a 'Lloyd's plan'" and "is most properly viewed as an unincorporated association." *Rappaport*, at *1. *See NL Industries, Inc. v. OneBeacon Am. Ins. Co.*, 435 F. Supp. 2d 558, 564 (N.D. Tex. 2006).

Plaintiff asserts that *Royal Ins. Co. v. Quinn-L Capital Corp.* is no longer good law. The Fifth Circuit Court of Appeals cited *Quinn-L* with approval in *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 856 (5th Cir. 2003). It noted that "[u]nder Texas law [Lloyds-type] plans are unincorporated associations . . . and "[b]ecause [in *Quinn-L*] the association itself was a party to the suit, [the court] naturally concluded that the citizenship of each underwriter had to be considered for diversity purposes. *Id.* (citing *Quinn-L*, 3 F.3d at 883). Accordingly, Plaintiff's assertion is without merit.

Travelers Lloyds asserts that diversity exists among the parties because Plaintiff is a citizen of Texas and, when this suit was filed and when it was removed to this Court, all of Travelers Lloyd's past and current underwriters were citizens of a state other than Texas. In support of its contention, Travelers Lloyds offers the sworn affidavit of Daniel W. Jackson ("Jackson"), Assistant Secretary for Travelers Lloyds, who avers that Travelers Lloyds is an unincorporated insurance association that sells insurance under a Lloyds Plan authorized under Texas law. (First Amend. Not. of Rem., Ex. F.) Travelers Lloyds has presented proof that each of the underwriters is domiciled in Connecticut, and that each has the intent to remain there indefinitely. (Ex. G-U.) Accordingly, the Court finds that each of the fifteen underwriters identified in the amended notice of removal is a citizen of Connecticut. *See Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).

The Court now turns to Plaintiff's alternative argument. Plaintiff contends that even if the

Court holds that the citizenship of the underwriters must be diverse, the Court must consider that Travelers Lloyds itself also must be diverse because language in the policy provides that "the entire assets of the Company support its policies." Plaintiff urges the Court to apply the "real party to the controversy test" and find that the entity Travelers Lloyds destroys diversity jurisdiction. The precise question under the terms of the diversity statute is "whether [the entity in question] may be considered a "citizen" of the State under whose laws it was created." *Carden v. Arkoma Associates*, 494 U.S. 185, 187-88 (1990). In *Carden*, the dissent applied the "real party to the controversy" test to the various parties before the court including a limited partner, the general partners, and the limited partnership itself (assuming it was a citizen.) *See Carden*, 494 U.S. at 188 n.1. The *Carden* court rejected the dissent's approach, holding that multiple respondents were not before the Court as the dissent assumed. *Id*. Rather, the artificial entity called Arkoma Associates, a limited partnership, was the only one whose citizenship the court had to determine. *Id*. The question was whether the entity, like a corporation, asserted its own citizenship, or rather, was deemed to possess the citizenship of its members, and if so, which members. *Id*. At that time the diversity statute made no provision for the treatment of artificial entities other than corporations. *Id*. at 196-97.[3] The United States Supreme Court adhered to its "oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,' . . . 'the several persons composing such association,' 'each of its members.'" *Carden*, 494 U.S. at 195 (citations omitted). Travelers Lloyds is an unincorporated association of underwriters whose contributions comprise the assets of Travelers Lloyds, and the language in the policies which states that Travelers Lloyds' assets support the policies does not make the citizenship of the artificial entity determinative for

---

[3] Congress amended the statute defining diversity jurisdiction to include direct actions by third parties against insurance companies where the insured is not a party. *See* 28 U.S.C. §1332(c)(1).

purposes of diversity jurisdiction.[4] *See Carden*, 494 U.S. at 195.

Plaintiff contends that an additional policy issued in October 2007 may include additional underwriters. (Etan's Am. Cross-Br. at 5 n13 .) Travelers Lloyds responds that the underwriters to the Amended Articles of Agreement have not changed since August 2005. (First Amend. Not. of Rem., Ex. F. at ¶ 7.) At this time, no underwriters have been identified as Texas citizens. If at any time before final judgment it appears that this Court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees incurred as a result of the removal. *Id*. The parties should expedite discovery of the underwriters on the October 2007 policy because if remand becomes necessary, both the parties and the Court would be better served by resolving this issue early in the proceedings.

The Court finds that Travelers Lloyds is an association of underwriters, and as such, is an unincorporated association whose citizenship is determined by examining the citizenship of each of its underwriters and not of the entity Travelers Lloyds. Travelers Lloyds has met its burden to show that complete diversity existed both at the time of removal and at the time this suit was initially filed. Travelers Lloyds has therefore met the first requirement of 28 U.S.C. § 1332,

---

[4] Under Texas law, the state may not issue a certificate of authority to an attorney in fact unless "the net assets contributed to the attorney in fact, a committee of underwriters, a trustee, or other officers as provided for in the articles of agreement constitute a guaranty fund and surplus over and above all of the Lloyd's plan's liabilities that is at least equal to the minimum capital stock and surplus required of a stock insurance company engaging in the same kind of business." *Id*. at § 941.201. The attorney in fact must obtain a certificate of authority and maintain the required net assets to support Travelers Lloyds policies. *Id.* Thus it appears that Travelers Lloyds is required by Texas law to maintain a guaranty fund. *See* TEX. INS. CODE § 941.201. The Amended Articles of Agreement provide that "[t]he earnings or loss, as the case may be, shall be credited or charged . . . to the Underwriters' respective accounts" at the close of each calendar year. (First Am. Not. of Rem. at Ex. F4 at Art. VI.)

complete diversity of citizenship. The Court now turns to the issue of the minimum amount in controversy, the second and final requirement to establish federal jurisdiction under 28 U.S.C. § 1332.

## **Amount in Controversy**

Each of the underwriters in this case is severally liable. Severally liable parties may not aggregate their liabilities to satisfy the jurisdictional amount requirement. *See Niagara Fire Ins. Co. v. Dyess Furniture Co.*, 292 F.2d 232, 233 (5th Cir. 1961). Therefore, to satisfy the requirements of 28 U.S.C. § 1332 and establish federal jurisdiction, each of the fifteen underwriters must meet the $75,000 jurisdictional amount for a total of $1,125,000. Plaintiff's allegations of the amount of damages controls, so long as the assertion is made in good faith. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

In this case Plaintiff's original petition was filed in state court and does not state a specific amount of damages. (Pl.'s Orig. Pet.) *See* TEX. R. CIV. P. 47. When a plaintiff's complaint fails to specify a damage amount and it is not otherwise facially apparent that the damages are likely to meet the jurisdictional amount, the burden is on the removing defendant to prove the jurisdictional amount by a preponderance of the evidence. *De Aguilar v. Boeing Co.* ("*De Aguilar I*"), 11 F.3d 55, 58 (5th Cir. 1995); *Marcel v. Pool Co.*, 5 F.3d 81, 84 (1993); *See also Johnson v. Dillard Dept. Stores, Inc.*, 836 F. Supp. 390 (N.D. Tex. 1993). When a court makes the "facially apparent" determination, it must look only at the face of the complaint to determine whether the amount in controversy is likely to exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir.1995). If the amount in controversy is not facially apparent, the Court may consider summary judgment type evidence. *DeAguilar II*, 47 F.3d at 1409.

Plaintiff contends that the amount in controversy should be tested at the time the petition is

8

filed rather than at the time of removal, relying upon *Hartford Ins. Group v. Lou Con, Inc*., 293 F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998). Claims for diversity jurisdiction in both *Hartford* and *Greenberg* were based upon original complaints for declaratory judgments brought in federal courts, not upon petitions that had been removed to federal courts. To determine whether jurisdiction is present for removal, a court must consider the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut Auto Ins. Co*., 44 F.3d 256, 264 (5th Cir. 1995).

Plaintiff alleges that when the original petition was filed, it had incurred more than $250,000 in reasonable and necessary defense costs in the Ronald Lehmann lawsuit and that the defense costs were continuing to accrue. Plaintiff also alleges that through the end of July 2007, Plaintiff incurred more than $15,000 in reasonable and necessary costs in defending the Ron Olsen lawsuit and that the defense costs were continuing to accrue. Plaintiff seeks damages for breach of contract, its reasonable and necessary attorney fees and expenses of defending the Lehmann and Olsen lawsuits, any settlement and/or judgment entered against Plaintiff in the Lehmann and Olsen Lawsuits, together with Plaintiff's reasonable attorney fees and expenses in this suit. Additionally, Plaintiff alleges that DTPA violations entitle it to treble damages and that it is entitled to statutory damages of 18 % interest a year on the amount of the claim pursuant to Tex. Ins. Code § 542.060.

Plaintiff contends that Travelers Lloyds may not include the treble damages and statutory penalty of 18% interest a year in the amounts in controversy because "[t]he amount in controversy is to be determined exclusive of interest and costs . . . " and "it is not proper to aggregate Plaintiff's claims that simply allege alternate theories of recovery rather than separate claims of injury." (Pl.'s Resp. to Def.'s Cross-br. at 4, relying upon *Powers v. FMC Corp*., 155 F. Supp.2d 307, 309 (D.C. Pa. 2001)). In *Powers*, the plaintiff sought damages for personal injury on alternative claims for

negligence, strict liability, and breach of warranty. The *Powers* court held that aggregation was inappropriate because the theories were merely different theories of recovery on the same underlying injury. *Powers*, 155 F. Supp. 2d at 309-10. It noted that Powers' wife's claim for loss of consortium was an additional claim and not an alternative theory of recovery. *Id*. Plaintiff's claims for treble damages under the DTPA and statutory penalties under § 542.060 are neither for "interest and costs," nor are they "alternative theories of recovery." They are additional claims for punitive-type damages.

Plaintiff states that "[t]his Court has held that it may not be proper to aggregate the trebled amount claimed under the DTPA in order to meet jurisdictional requirements." (Pl.'s Resp., citing *Shaw v. AT&T Wireless Services, Inc*., No. 00-1614, 2001 WL 539650, at *5-6 (N.D. Tex. May 18, 2001.)) Unlike this case, *Shaw* was a class action. *Shaw*, 2001 WL 539650, at *7. The court found no authority for the proposition that the court may aggregate the individual claims of the purported class and then treble that amount to satisfy the amount in controversy. However, the court did not preclude the court's consideration of treble damages in an action such as this one. A careful reading of *Shaw* shows that "the court [agreed] that trebled damages may be included in determining the amount in controversy," citing *Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994). *Shaw*, 2001 WL 539650 at *7. Accordingly, treble damages are included in the amount in controversy in this case.

Pursuant to settled federal law, a court determining the amount in controversy in a declaratory judgment action involving insurance coverage considers the plaintiff's potential liability under the policy, plus potential attorney's fees, penalties, statutory damages, and punitive damages. *Greenberg*, 134 F.3d at 1253. At the time of removal, Plaintiff's reasonable attorney fees and expenses incurred in defending the Ronald Lehman case were $296,186.10. For the defense of the

Jon Olsen lawsuit, they were $20,162.21, for a total of $316,348.31. (Pl.'s Resp. to Def.'s Cross-br, Aff. of Karen A. Piotrowski, Ex. 1 ¶ 2.) The judgment against Plaintiff in the Lehman case was $80,000. (*Id.*) Thus, Plaintiff's damages that had accrued at the time of removal were $396,348.31. Plaintiff's DTPA claim for treble damages raises the amount to $1,189,044.93. At the time of removal, Plaintiff had incurred $11,338.70 in attorney fees in this lawsuit, bringing the total to $1,200,383.63. Without even considering the 18% penalty, which must be included, each underwriter is potentially liable for $80,025.57. At the time of removal, the 18% penalty pursuant to Tex. Ins. Code § 542.060 was $13,268.34. (Def.'s Resp. to Pl.'s Cross-br., Ex. B.) This brings the total amount in controversy to $1,213,651,97. Each underwriter's amount in controversy is $80,910.13, well above the jurisdictional requisite of $75,000.

Travelers Lloyds has met its burden to establish subject matter jurisdiction. Plaintiff has failed to show that it is legally certain that its recovery will not exceed the jurisdictional amount. *See De Aguilar II*, 47 F.3d at 1412-13. Therefore, Travelers Lloyds has met the test for diversity jurisdiction.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand, filed on October 15, 2007, and Plaintiff's Motion to Remand to State Court in Response to Travelers' First Amended Notice of Removal, filed on January 10, 2008, are **DENIED**.

**SO ORDERED**, April 28, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE